**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

NATIONAL JEWISH MEDICAL AND RESEARCH CENTER,

Defendant.

**COMPLAINT AND JURY TRIAL DEMAND**

**NATURE OF THE ACTION**

This action arises under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of disability and to provide appropriate relief to Dorothy Barrett-Taylor ("Barrett-Taylor"), who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") alleges that National Jewish Medical and Research Center ("Defendant"), unlawfully denied Barrett-Taylor employment because it perceived her as having a disability, active tuberculosis.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991 , 42 U.S.C. § 1981A.and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e - 5(f)(1) and (3)("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(A).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a corporation doing business in the State of Colorado and the City of Denver. At all relevant times, Defendant has employed at least fifteen (15) employees.

5. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. §12111(7),

which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 200e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## GENERAL ALLEGATIONS

7. More than thirty days prior to the institution of this lawsuit, Barrett-Taylor filed a charge with the Commission alleging violations of Title I of the ADA by Defendant.

8. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least May 12, 2003, Defendant has engaged in unlawful employment practices, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a), and 42 U.S.C. § 12203.

10. Defendant, National Jewish Medical and Research Center, specializes in the treatment of patients with respiratory, immune and allergic disorders.

11. Barrett-Taylor was given a conditional offer of employment for the position of Clinical Laboratory Administrative Coordinator on May 7, 2003.

12. When Barrett-Taylor reported to work on May 12, 2003, she was asked to complete a New Hire Package which included a health screening questionnaire.

13. Joan Kintz, Employee Health Nurse, asked Barrett-Taylor if she had ever been given a tuberculosis skin test. Barrett-Taylor replied in the affirmative, and Kintz asked her to reveal all details about any positive tuberculosis readings.

14. Barrett-Taylor explained she had a positive reading as a teenager, but never had a positive chest x-ray or other symptoms.

15. Manager of Employee Health Laverne Bieling asked Barrett-Taylor to submit all

of her medical records relating to tuberculosis and a clearance letter for work. Bieling stated that, after Barrett-Taylor submitted the documents, Bieling would schedule an appointment for Barrett-Taylor to be screened by a National Jewish tuberculosis specialist.

16. On May 13, 2003, Barrett-Taylor personally furnished Bieling with a complete copy of her medical records, and a clearance letter from Denver Health dated May 12, 2003.

17. On May 14, 2003, Bieling contacted Barrett-Taylor and told her that the proffered medical records were deemed insufficient. Bieling requested that Barrett-Taylor to go back to Denver Health to be seen by a tuberculosis specialist. Barrett-Taylor responded that she had already made an appointment with a tuberculosis specialist at Denver Health, but that the earliest appointment available was July 28, 2003. Barrett-Taylor asked Bieling to schedule an appointment for her with National Jewish medical personnel, and told Bieling she was anxious to begin working and would pay for the screening herself. When Barrett-Taylor pressed Bieling to allow her to be examined by Defendant's personnel, Bieling refused, stating that Barrett-Taylor was only looking for "free health care," and saying, "I don't want you working here and infecting my workers."

18. On May 14, 2003, Barrett-Taylor attempted to schedule an appointment at the National Jewish tuberculosis clinic herself, but was not allowed to make an appointment.

19. On May 15, 2003, Barrett-Taylor went to her personal physician at Denver Health, Dr. George Bock, and was given a chest X-ray, which confirmed a negative tuberculosis reading.

20. Barrett-Taylor immediately called Bieling and left a message with the result. Bieling did not return her phone call.

21. On May 16, 2003, John Allen, Laboratory Manager, called Barrett-Taylor and

withdrew the job offer.

22.     On May 19, 2003, Barrett-Taylor contacted Chief Human Resources Officer Susan Roll to inform her of the negative results of her chest X-ray, and to complain about the discriminatory treatment. She stressed that she had provided the documentation requested. Roll never called Barrett-Taylor back.

## CLAIM FOR RELIEF

[Wrongful Denial of Employment, §12102(2)(C) and §12112(a)]

23.     Plaintiff realleges the foregoing paragraphs of this complaint.

24.     Barrett-Taylor is regarded as being disabled as defined in the ADA. 42 U.S.C. § 12102(2)(C).

25.     Barrett-Taylor is able, with or without reasonable accommodation, to perform the essential functions of a Clinical Laboratory Administrative Coordinator.

26.     Defendant wrongfully denied Barrett-Taylor employment based on a perceived disability, active tuberculosis.

27.     The effect of the practices complained of in the paragraphs above, has been to deprive Barrett-Taylor of equal employment opportunities and otherwise adversely affect her status as an employee.

28.     The unlawful employment practices complained of in the paragraphs above, were intentional.

29.     The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federally protected rights of Barrett-Taylor.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

    A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

    B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for employees with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

    C. Order Defendant to make whole Barrett-Taylor by providing appropriate backpay with prejudgment interest, compensatory damages in amounts to be proved at trial, and other affirmative and equitable relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, rightful-place reinstatement or front pay where appropriate, job search expenses and any medical expenses not covered by the Employer's employee benefit plan, in amounts to be determined at trial.

    D. Order Defendant to make whole Barrett-Taylor by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    E. Order Defendant to pay Barrett-Taylor punitive damages for its malicious and reckless conduct described in the paragraphs above, in amounts to be determined at trial.

    F. Grant such further relief as the Court deems necessary and proper.

    G. Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this 28th day of September, 2006.

        Respectfully submitted,

        RONALD S. COOPER
        General Counsel

        U.S. EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        1801 L Street, N.W.
        Washington, D.C.  20507

        MARY JO O'NEILL
        Regional Attorney
        Phoenix District Office

        *s/ Nancy A. Weeks*
        NANCY A. WEEKS
        Supervisory Trial Attorney
        EEOC Denver Field Office
        303 E. 17th Ave., Suite 510
        Denver, CO 80203
        nancy.weeks@eeoc.gov
        303-866-1947

        *s/ Anjuli Kelotra*
        ANJULI KELOTRA
        Senior Trial Attorney
        anjuli.kelotra@eeoc.gov
        303-866-1378

        *s/ Rita Byrnes Kittle*
        RITA BYRNES KITTLE
        Senior Trial Attorney
        rita.kittle@eeoc.gov
        303-866-1347