## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01937-LTB-CBS

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

and

DOROTHY BARRETT-TAYLOR,

Plaintiff/Intervenor,

v.

NATIONAL JEWISH MEDICAL AND RESEARCH CENTER,

Defendant.

---

**CONSENT DECREE**

---

I.   RECITALS ...................................................................................................................... 2

II.   JURISDICTION ............................................................................................................. 3

III.   ISSUES RESOLVED ...................................................................................................... 3

IV.   INDIVIDUAL-SPECIFIC RELIEF FOR PLAINTIFF/INTERVENOR .................... 3

V.   EQUITABLE RELIEF .................................................................................................... 4

    A.   Scope ...................................................................................................................... 4

    B.   Injunctive Relief .................................................................................................... 4

    C.   Anti-Discrimination Policy .................................................................................. 5

    D.   Policies, Procedures and Guidance on ADA-Related Issues ................................ 5

    E.   Training .................................................................................................................. 6

    F.   Posting of Notice ................................................................................................... 9

    G.   Record Keeping and Reporting Provisions ........................................................... 9

VI.   RETENTION OF JURISDICTION AND FILING OF DECREE ............................. 13

VII.   ENFORCEMENT ......................................................................................................... 14

VIII.   EEOC AUTHORITY .................................................................................................... 14

IX.   COSTS AND ATTORNEY'S FEES ............................................................................. 15

X.   NOTICE ........................................................................................................................ 15

ATTACHMENT A ................................................................................................................... 19

ATTACHMENT B ................................................................................................................... 20

## I.   RECITALS

**1.**   This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that Defendant, National Jewish Medical and Research Center, unlawfully refused to employ Dorothy Barrett-Taylor, because it regarded her as disabled with a contagious form of tuberculosis.  The Defendant denies it regarded Ms. Barrett-Taylor as disabled or engaged in any unlawful conduct with regard to her.

**2.**   The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

**3.**   This Decree is final and binding upon the Parties as to the issues resolved, as well as upon their successors and assigns.

**4.**   The Parties agree that this Consent Decree fairly resolves the issues alleged in this lawsuit, and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under the Americans with Disabilities Act ("ADA") that arise from charge of discrimination no. 32-AA-400100, filed by Ms. Barrett-Taylor.  The parties further agree that this Decree fully resolves the claims of Ms. Barrett-Taylor, who was allowed to intervene in this lawsuit.

**5.**   For the purpose of amicably resolving disputed claims, the Defendant joins with the Commission and Intervenor in requesting this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II.   JURISDICTION

6.      The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of

this action, and have waived the entry of findings of fact and conclusions of law.

7.      The duration of this Decree shall be two (2) years from the Court's entry of the Consent

Decree.

## III.   ISSUES RESOLVED

8.      This Decree resolves all claims for damages arising out of the issues and claims set forth

in Civil Action No. 06-cv-01937-LTB-CBS.

9.      Defendant and its officers, agents, employees, successors, and all other persons in active

concert or participation with any of them will not interfere with the relief herein ordered, but

shall cooperate in the implementation of this Decree.

## IV.   INDIVIDUAL-SPECIFIC RELIEF FOR PLAINTIFF/INTERVENOR

10.     To resolve these claims, Defendant shall pay to Ms. Barrett-Taylor and her counsel a total

of $150,000 apportioned as follows:

Backpay in the amount of $25,000 payable to Ms. Barrett-Taylor and reportable on a

Form W-2. This payment will be subject to appropriate withholding.

Emotional distress damages in the amount of $72,989.33 payable to Ms. Barrett-Taylor

and reportable on a Form 1099. No withholding will be made from this payment.

Attorney fees and costs in the amount of $52,010.67 payable to Ms. Barrett-Taylor's

counsel and reportable on a Form 1099 issued to Ms. Barrett-Taylor's counsel. No withholding

will be made from this payment.

**10.1**   All payments under this Paragraph 10 will be made by check and delivered to Ms. Barrett-Taylor's counsel no later than ten (10) days from the Court's entry of the Consent Decree.

**10.2**   Within three (3) business days of the issuance of payment, Defendant shall provide copies of the checks and all related correspondence to Mary Jo O'Neill, Regional Attorney, Equal Employment Opportunity Commission, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012.

**10.3**   Defendant will not condition the receipt of individual relief on Ms. Barrett-Taylor's agreement to (a) maintain as confidential the terms of this decree, or (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency.

**11.**   Within ten (10) days after the Court's entry of the Consent Decree, Defendant shall provide Barrett-Taylor a written apology, a copy of which is Attachment B.

## V.   EQUITABLE RELIEF

### A.   Scope

**12.**   The terms of this Decree shall apply to all National Jewish facilities.

### B.   Injunctive Relief

**13.**   During the term of this Consent Decree, Defendant, its officers, agents, successors and other persons in active concert or participation with it, or any of them, are permanently enjoined from engaging in any employment practice which discriminates on the basis of disability.

**14.**   During the term of this Consent Decree, Defendant, its officers, agents, successors and other persons in active concert or participation with them, or any of them, are permanently enjoined from engaging in reprisal or retaliation of any kind against any person because of such

person's opposition to any practice made unlawful under the ADA because of such person's filing a charge, testifying or participating in any manner in any investigation, proceeding or hearing under the ADA, because such person was identified as a witness or possible witness for the Commission, because such person participated in any manner in this action or in the investigation giving rise to this action, because such person requested accommodation for a disability, or because such person is designated as an aggrieved individual under this Decree.

### C.      Anti-Discrimination Policy

**15.**    Defendant shall maintain a policy proscribing discrimination based on disability, and proscribing retaliation against any employee who complains about discrimination, requests accommodation for a disability, or who files a charge of discrimination alleging disability discrimination ("Anti-Discrimination Policy").  Defendant shall post and keep posted for the duration of this Decree, in a conspicuous place in each of its facilities, where notices to employees and applicants for employment are customarily kept or posted, a copy of the Anti-Discrimination Policy.  Within thirty (30) days of entry of this Decree, Defendant shall provide a copy of the Anti-Discrimination Policy to all employees, and will provide the policy to newly hired employees within thirty (30) days of their hire.  Within forty-five (45) days of entry of this Decree, Defendant shall forward a copy of the Anti-Discrimination Policy to the Commission and a letter indicating that the Anti-Discrimination Policy has been posted and distributed.

### D.      Policies, Procedures and Guidance on ADA-Related Issues

**16.**    Defendant shall maintain written policies and procedures that address ADA-related issues in hiring, health screening, requests for medical information from employees, and responding to employee and/or applicant requests for reasonable accommodation.  Additionally, Defendant will

develop guidance for hiring managers, human resource staff, and other employees involved in hiring, health screening, requests for medical information, and/or requests for reasonable accommodation, and such guidance will include explanation of the requirement to engage with the disabled individual in an interactive process to determine reasonable accommodation. The policies, procedures, and guidance will clearly delineate the roles of the various employees involved in these processes.

**16.1**    Within thirty (30) days after the Court enters the Decree, the policies described in Paragraph 15 will be distributed to all employees. Within forty-five (45) days of entry of this Decree, Defendant shall forward a copy of the policies, procedures, and guidance to the Commission, together with a certification that the policies have been distributed.

**16.2**    In the semi-annual reports required under the Reporting provisions of this Decree at Section V.G., Defendant shall provide recertification that the required policies and procedures continue to be in effect and enforced by Defendant. In the semi-annual reports to the EEOC, Defendant shall provide a narrative description of how the policies are functioning with specific identification of any individuals denied employment under the health screening process, and what requests for reasonable accommodation were granted or denied.

**E.    Training**

17.    Beginning thirty (30) days after this Consent Decree is entered, and annually thereafter during the term of this Consent Decree, Defendant shall conduct annual training for all its employees on what constitutes employment discrimination. Training will include employee

notification of the Defendant's policy and procedures for registering complaints of discrimination. Defendant agrees that said training will also counsel employees on the penalties of engaging in discriminatory behavior. Defendant agrees that said training will include the Defendant's non-retaliation policy. Defendant agrees that said training will include the Defendant's procedures regarding reasonable accommodation and requests for medical information. All training under this Paragraph 17 shall be at Defendant's selection and expense. The training will be conducted as follows:

### 17.1    Non-managerial Employees

During the term of this Consent Decree, Defendant will require non-managerial employees to complete one (1) hour of training per year regarding workplace discrimination, with emphasis on disability discrimination, reasonable accommodation, prohibited medical inquiries, and prohibited retaliation. Additionally, Defendant will require new employees to complete the requisite one (1) hour of training, within thirty (30) days of being hired.

### 17.2    Managerial and Supervisory Employees

During the term of this Consent Decree, Defendant will require all individuals who work in a managerial or supervisory capacity, or who have a role in the application and hiring process, the health screening process, or the process for providing reasonable accommodation, to receive at least two (2) hours of training annually regarding Title VII and other federal anti-discrimination laws. One (1) of the two (2) hours must directly address disability discrimination, reasonable accommodation, prohibited medical inquiries, and handling of properly obtained medical information. Additionally, Defendant will require employees newly hired or promoted

into a managerial or supervisory position to complete the requisite two (2) hours of training within sixty (60) days of being hired or promoted.

**17.3    Human Resources Employees**

During the term of this Consent Decree, Defendant will require all individuals who work in a human resource capacity to receive at least seven (7) hours of training annually regarding Title VII and other federal anti-discrimination laws.  Two of the seven (7) hours must directly address disability discrimination, reasonable accommodation, prohibited medical inquiries, and handling of properly obtained medical information.  Additionally, Defendant will require employees newly hired or promoted into a human resource position to complete seven (7) hours of general EEO training within sixty (60) days of being hired or promoted into a human resource position.

**17.4    Post-Offer Medical Screen Employees**

Defendant will require all individuals who are involved in the post-offer medical screening process, to complete two hours of training per year on the Defendant's post-offer medical screening process and the medical inquiry provisions of the ADA, 42 U.S.C. § 12112(d).

**18.**    Defendant agrees that the first such training session for each employee group identified in Paragraph 17 above, will take place within ninety (90) days after entry of this Decree.  Defendant agrees that all personnel shall both register and complete the seminar training sessions.  In the semi-annual reports required under the Reporting provisions of this Decree, Defendant shall submit copies of the agenda of the training programs, identify the individuals providing the training, and provide the registries of attendance.

**19.**    The Commission, at its discretion, may designate one or more Commission representatives to attend any of the seminar-training sessions described above, and the Commission representatives shall have the right to attend, observe, and fully participate in all of the sessions.  Defendant shall provide the Commission with ten (10) days' notice that a seminar or training session will be conducted.  Training may be computer-based NetLearning, provided a record is maintained of completion of each training session

### F.    Posting of Notice

**20.**    Within five (5) business days of the entry of this Consent Decree, Defendant shall post in a conspicuous place in each of its facilities where notices to employees and applicants for employment are customarily kept or posted, the Notice attached at Attachment A to this Decree. The Notice shall remain posted for the duration of this Decree.  If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy.  Defendant shall certify to the Commission, in writing, within ten (10) days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provision of this Consent Decree.

### G.    Record Keeping and Reporting Provisions

**21.**    For the duration of this Consent Decree, Defendant shall maintain all records concerning implementation of this Consent Decree.

**22.**    For the duration of this Consent Decree, the Commission shall have the right to interview any personnel employed by Defendant for the purpose of determining Defendant's compliance with the terms of this Consent Decree.  In the event the Commission exercises its right to interview personnel pursuant to this Paragraph 22, said interviews shall be scheduled with due

regard to the convenience of the individual to be interviewed. Any interview to be conducted at a National Jewish facility must be arranged in advance through Defendant's Human Resources Department because access to Defendant's facilities is closed for security and health reasons.

23.    Each party shall bear its own costs in conjunction with the maintenance of records, preparation of any report, access or copying of records, or interviews of employees.

24.    For the duration of this Consent Decree, Defendant shall provide semi-annual reports for each six-month period following the entry of the Decree. The reports shall be due thirty (30) days following the respective six-month period, except the final report which shall be submitted to the Commission two (2) weeks prior to the date on which the Consent Decree is to expire.

25.    Each report shall provide the following information:

### 25.1   Complaints of Disability Discrimination

25.1.1.        For purposes of this Paragraph 25.1, the term "complaint of disability discrimination" will include any written or verbal complaint which alleges discrimination based on disability or perceived disability, or alleges conduct which the Defendant recognizes as presenting an allegation of disability discrimination. For example, an employee may complain that he was denied an accommodation or denied promotion because of disability, or that co-workers called him "gimp" and tease him about his disability. These are "complaints of discrimination" even though the employee does not expressly allege discrimination.

25.1.2.        The name, address and telephone number of each person making a complaint of disability discrimination to Defendant or to any federal, state, or local government agency, if known.

**25.1.3.**　　　A brief summary of each complaint, including the date of the complaint, the name of the individuals who allegedly engaged in the discriminatory conduct, the Defendant's response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached.

**25.1.4.**　　　Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**25.2.  Individuals Denied Employment as a Result of Post-Offer Health Screening**

**25.2.1.**　　　The name, address and telephone number of each individual denied employment as a result of post-offer health screening.

**25.2.2.**　　　A complete explanation of the reason the individual was denied employment, including an explanation of what, if any, effort was made to provide reasonable accommodation.

**25.2.3.**　　　Copies of all records compiled relating to the individual denied employment, including without limitation, application, interview records, health screening questionnaire, deferral form, medical records provided, notes, recordings, and all documents signed by, provided to, or provided by the individual denied employment.

**25.3.  Individuals Terminated or Denied Employment Based on Safety Concerns**

**25.3.1.**　　　The name, address and telephone number of each individual terminated or denied employment because he or she presented a direct threat to the health or safety of himself or others.

**25.3.2.**       A complete explanation of the reason the individual was terminated or denied employment, including an explanation of what, if any, effort was made to provide reasonable accommodation.

**25.3.3.**       Copies of all records compiled relating to the termination or denial of employment, including without limitation, all records documenting the safety threat, and all records documenting Defendant's efforts to determine whether the risk could be eliminated or reduced to an acceptable level with some reasonable accommodation.

**25.4.   Reasonable Accommodation Procedures and Results**

**25.4.1.**       The name, address and telephone number of each person making a request for accommodation to the Defendant.

**25.4.2.**       A brief summary of each request for accommodation, including the date of the request, the person or persons to whom the request was made, the person or persons responsible for responding to the request, any effort to engage in the interactive process with the person requesting accommodation, what accommodation was requested, whether the request was granted and if not, an explanation of the reasons for denying the request, whether an accommodation was provided and if so, what accommodation was provided, and an explanation of the reasons for providing the accommodation.

**25.4.3.**       Copies of all documents memorializing or referring to the request for accommodation, investigation, and/or resolution thereof.

**25.5.   Training**

**25.5.1.**       For each training program required under Paragraph 17, and conducted during the reporting period, Defendant shall submit a registry of attendance.

**25.5.2.**    For each training program required under Paragraph 17.3 (human resource personnel training) , and completed during the reporting period, Defendant shall provide a certificate or other evidence of completion.

**25.5.3.**    For each training program conducted by Defendant's staff, Defendant will provide the following information:  (a) a detailed agenda; (b) copies of all training material provided to or utilized by the trainers; (c) the name of each trainer and a summary of his or her qualifications.

**25.5.4.**    For each training program conducted by a vendor not affiliated with Defendant, Defendant will identify the vendor and provide a copy of the program agenda.

**25.6.  Posting of Notice.**  Defendant shall recertify to the Commission that the Notice required to be posted under Section V.F. of this Consent Decree has been properly posted or, if removed, was promptly replaced, during the duration of the reporting period.

## VI.    RETENTION OF JURISDICTION AND FILING OF DECREE

**26.**    This Court shall retain jurisdiction of this case for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.  Upon submission of the final report referenced in Paragraph 24, and the expiration of a period of thirty (30) days after submission of said report, within which the Commission has not filed an objection thereto, the Commission and Defendant and Intervenor shall promptly file a Joint Stipulation for Dismissal with Prejudice ("Joint Stipulation") of this civil action, upon which filing this Decree shall automatically dissolve, and this Civil Action shall be dismissed with prejudice.  If the Commission files an

objection to the final report within said 30-day period, the Parties will file the Joint Stipulation promptly after the Court's resolution of the Commission's objection.

## VII.   ENFORCEMENT

**27.**    There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission, or its successors or assigns may enforce compliance herewith.

**28.**    Enforcement may be had by the Commission petitioning the Court for enforcement of the terms of this Decree.

**29.**    Before the Commission seeks enforcement of this Decree, it shall provide Defendant with at least thirty (30) days' prior notice of an alleged breach or violation.  It is mutually agreed that Defendant shall have thirty (30) days in which to cure any alleged breach or remedy any alleged violation before the Commission petitions the Court for enforcement.  This notice and waiting period provision will not apply in situations where a delay in seeking Court enforcement would cause harm to the Commission or claimants.

**30.    No Admission of Liability.**  Defendant expressly denies that it has taken or engaged in any unlawful conduct against Ms. Barrett-Taylor in violation of the ADA, or any other statute or law.  By entering into this Consent Decree, National Jewish Medical and Research Center is not admitting any liability or wrongdoing, but is only compromising and settling disputed claims. National Jewish and its liability insurer concluded that settlement was the quickest and most economical method to end the dispute.

## VIII.   EEOC AUTHORITY

**31.**    With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts

which are unlawful under any of the statutes over which the EEOC has enforcement authority,
and do not arise out of the claims asserted in this lawsuit.

## IX.    COSTS AND ATTORNEY'S FEES

**32.**    Each party shall be responsible for and shall pay its own costs and attorney's fees except to the extent referenced in Paragraph 10 above.

## X.    NOTICE

**33.**    Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows:

Regional Attorney
Denver Field Office
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
303 East 17th Avenue, Suite 510
Denver, CO 80202

Susan G. Roll
Chief Human Resources Officer
NATIONAL JEWISH MEDICAL AND RESEARCH CENTER
1400 Jackson Street, Room G111
Denver, CO 80206-2761

And copy to

Ellen E. Stewart, Esq.
BERENBAUM WEINSHIENK & EASON, P.C.
370 17th Street, Suite 4800
Denver, CO 80202-5698

SO ORDERED this _17th_ day of _Dec_____, 2007.

BY THE COURT:

United States District Judge

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

By: _____          Date: _____
    Mary Jo O'Neill
    Regional Attorney


**PLAINTIFF/INTERVENOR DOROTHY BARRETT-TAYLOR**

By: _____          Date: _____
    Dorothy Barrett-Taylor


**DEFENDANT NATIONAL JEWISH MEDICAL AND RESEARCH CENTER**

By: _____          Date: _____
    Michael Salem, M.D.
    President and CEO

**APPROVED AS TO FORM AND CONTENT:**

_____  Date: 12/6/07

Rita Bynes Kittle
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
303 East 17th Avenue, Suite 510
Denver, CO 80203
303.866.1347
rita.kittle@eeoc.gov
Attorneys for Plaintiff


_____  Date: 11/19/07

Dale A. Gaar
DALE A. GAAR, P.C.
1600 Stout Street, Suite 1000
Denver, CO 80202
303.446.9300
gaar@qwest.net
Attorneys for Plaintiff/Intervenor


_____  Date: 11/20/07

Martin D. Buckley
Ellen E. Stewart
BERENBAUM WEINSHIENK & EASON, P.C.
370 17th Street, Suite 4800
Denver, CO 80202-5698
303.825.0800
mbuckley@bw-legal.com
estewart@bw-legal.com
Attorneys for Defendant